Matter of Whiting-Turner Contr. Co. v Environmental Control Bd. of the City of N.Y. (2019 NY Slip Op 02281)





Matter of Whiting-Turner Contr. Co. v Environmental Control Bd. of the City of N.Y.


2019 NY Slip Op 02281


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8794 100489/15

[*1]In re Whiting-Turner Contracting Company, Petitioner,
v
The Environmental Control Board of the City of New York, Respondent.


Peckar & Abramson, P.C., New York (Christopher M. Bletsch of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.



Determination of respondent, dated November 20, 2014, finding petitioner in violation of the New York City Building Code (Administrative Code of City of NY) § 3301.2 and imposing a penalty of $2,400, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alexander W. Hunter, J.], entered October 15, 2015), dismissed, without costs.
Respondent's determination that petitioner was the general contractor, and therefore responsible for instituting and maintaining safety measures at the mall construction site is supported by substantial evidence (NY City Building Code [Administrative Code of City of NY, tit 28, ch. 33] § BC 3301.2; see generally Matter of Rock v Rhea, 114 AD3d 578, 580-581 [1st Dept 2014]). At the underlying hearing, petitioner's representative testified that petitioner was the supervisor of construction and primary contractor. Respondent submitted evidence establishing that a work permit had been issued to petitioner for the mall construction project. Petitioner did not dispute respondent's claim that petitioner was the general contractor, did not identify or submit any other documents at the hearing identifying a separate party as the general contractor or exclusively in charge of construction site safety measures. Petitioner's representative also acknowledged that a worker had been injured when his foot was run over by a delivery truck, and that following the accident petitioner, either on its own or in conjunction with a subcontractor, took remedial measures to ensure workers' safety.
Respondent also properly limited its administrative appellate review to the record established before the hearing officer (see 48 RCNY 6-19[f]; 48 RCNY 6-11[g]). The records petitioner sought to rely upon were not admitted into evidence during the administrative hearing, and petitioner made no showing of good cause as to why the government records should be admitted after the conclusion of the hearing (see 48 RCNY 6-11[f][2]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK